# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | No. 15 C 7523 |
| v. | ) ) | Judge Robert Dow |
| CELTIC FLOOR COVERING, INC., | ) ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is about the defendant's obligations to make contributions to the various carpenters' union trust funds for the carpenters hired to do work for the defendant. After a bumpy start to this litigation – more on that in a moment – the plaintiffs performed an audit that revealed what they contend were the carpenters for whom the defendant was delinquent in its contributions, and the amounts owed. And so, the plaintiffs served the discovery requests at issue, essentially covering the work done by 30 or so carpenters during the period at issue; some carpenters appear to have missing contributions for a month or two, others for 40 or 50 months. The defendant has filed a motion to quash the plaintiffs' requests for admissions and production, and interrogatories.

The form that discovery has taken – 345 requests to admit, each with 3 subparts, and accompanying interrogatories and document requests – is what prompted the defendant's motion. *See generally Robinson v. Stanley*, 2009 WL 3233909, 2 (N.D.Ill. 2009). It seems, at first blush, onerous, but how it came to where we are now is understandable. Indeed, the owner of the defendant company has been, to say the least, a recalcitrant participant in these proceedings. He ignored this litigation completely for the first five months. After that, he failed to appear for 9 of 11 scheduled

hearings. He forced Judge Dow to enter a default and a rule to show cause against him. He didn't retain counsel to represent his company until May of 2017 – well over a year after the deadline Judge Dow set. He didn't even file an Answer until the case was nearly two years old. Had he not been so uncooperative, perhaps discovery could have proceeded in more than a trickle and in an atmosphere of cooperation rather than the avalanche defendant says he faces now. After all, parties in a case have an obligation to participate fully and fairly in discovery. *See AT&T Corp. v. Park I–10 Motors*, 2014 WL 12580445, at *1 (W.D. Tex. 2014); *Chicago Police Sergeants Ass'n v. City of Chicago,* 2009 WL 3672094, 2 (N.D.Ill. 2009); *Whitserve LLC v. Computer Patent Annuities N. Am., LLC*, 2006 WL 1273740, at *3 (D. Conn. 2006). The reality is that the current situation is one of the defendant's own making.

Defendant's counsel isn't to blame for any of this, of course, and the motion he has filed is perhaps understandable. After all, he did not come into the case until May 17, 2017. [Dkt. #42]. But, the long and short of it is, 30 or so carpenters are the ones for whom contributions from the defendant are allegedly delinquent. The defendant claims otherwise. And so this case isn't any different than any other in which the parties differ as to the plaintiffs' entitlement to be the prevailing party. In any event, the defendant is now going to have to produce discovery relevant to the claims and defenses in the case. *Swanson v. Citibank, N.A.,* 614 F.3d 400, 411-412 (7th Cir. 2010); *Ossola v. American Express Company*, 2015 WL 5158712, at *7-8 (N.D.Ill., 2015). Records of the hours the carpenters worked for the defendant and the hours the defendant reported to any trust funds are undeniably relevant. Indeed, they are the very heart and soul of the case.

The tack that plaintiffs' counsel has taken to finally be able to discover such information is perhaps understandable given all the plaintiffs have had to endure thus far. And for that the defendant apparently has no one but itself and its owners to blame. Still, there may be a more

efficient and adroit manner for the plaintiffs now to obtain this information. But perhaps there isn't.

While at long last we finally have experienced labor lawyers on both sides, the fact remains that this is a run-of-the-mill, ERISA-Taft-Hartley Act contributions case. Surely counsel on both sides can get together and come up with a discovery plan that will take care of the records that clearly need to be produced and will satisfy both sides. But discovery there will be, and further delay and obstruction will not be allowed. *See Sambrano v. Mabus* 663 F.3d 879, 881-882 (7th Cir. 2011)("Sanctions such as orders to pay the other side's attorneys' fees may redress injuries done to put-upon adversaries...."); *Rickels v. City of South Bend, Indiana,* 33 F.3d 785, 786–87 (7th Cir.1994)("'The great operative principle of Rule 37(a)(4) is that the loser pays.' Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* § 2288 at 787 (1970). Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." (Parenthesis in original).

Of course, counsel for defendant, in purported compliance with Local Rule 37.2, has certified that the attorneys have already met and conferred on this dispute. But the cursory description of that discussion – "[defendant's counsel] requested one of Plaintiff's [sic] attorneys . . . in writing and on the telephone to withdraw the Requests For Admission, Interrogatories and Requests For Production of Documents but Plaintiffs refused to do so" [Dkt. # 54, ¶2] – strongly suggests if it does not demonstrate that no "good faith attempt to resolve differences" was made – at least not the kind the Local Rule envisions and demands.

The phrase, "good faith,"common throughout the law, is not a talisman, empty and meaningless. *Cf. Cent. Illinois Light Co. v. Consolidation Coal Co.*, 349 F.3d 488, 492 (7th Cir.

2003). An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion. *See, generally*, *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1-2 (N.D. Ill. 2016). As already suggested, it is a certainty that the two sides, can do better. It behooves them to do so, as the resolution of discovery disputes is committed to the court's extremely broad discretion. *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016). An abuse of discretion occurs when no reasonable person could take the view of the district court.' *U.S. v. Re,* 401 F.3d 828, 832 (7th Cir.2005).

That means there are no hard and fast rules. Indeed, two decision-makers – on virtually identical facts – can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *See McCleskey v. Kemp*, 753 F.2d 877, 891 (5th Cir. 1985), *aff'd, McCleskey v. Kemp*, 481 U.S. 279, 289-290 (1987). *Accord Mejia v. Cook County, Ill.,* 650 F.3d 631, 635 (7th Cir. 2011). *Cf. United States v. Bullion,* 466 F.3d 574, 577 (7th Cir.2006)(Posner, J.) ("The striking of a balance of uncertainties can rarely be deemed unreasonable...."); *Elliot v. Mission Trust Services, LLC,* 2015 WL 1567901, 4 (N.D.Ill. 2015). As a result, a party that obdurately maintains its position without budging could insist that it was "right," but find itself on the losing side, and properly so, when the matter comes before the court, and the court's vast discretion in overseeing discovery leads it to accept the other side's "right" position. A negotiated outcome is more likely to give both sides a mutually satisfactory resolution.

Accordingly, the defendant's motion [Dkt. # 54] is denied without prejudice to its refiling in the hopefully unlikely event that the parties are unable, after truly good faith negotiations, to compromise on a solution to this discovery quarrel. The parties should note, however, that the course that the defendant previously followed will no longer be ignored or tolerated.

ENTERED:  /s/ Jeff Cole
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 4/12/18